IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| MICHAEL TODD JONES, | ) | |
| TDCJ No. 419729, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 7:10-CV-005-O |
| | ) | |
| TOMMY NORWOOD, *et al.*, | ) | |
|     Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

This is a civil rights action brought pursuant to the provisions of Title 42, United States Code, Section 1983. Plaintiff is an inmate confined in the James V. Allred Unit of the Texas Department of Criminal Justice in Iowa Park, Texas. Defendants are medical care providers at the Allred Unit.

The Plaintiff, Michael T. Jones, claims that he was denied narcotic pain medication prescribed by his surgeon to treat post-surgical pain after having surgery on both of his eyes. *Complaint ¶ V*. The surgery involved cutting muscle tissue that required stitches around the inside of each eye causing severe pain. *Plaintiff's Memorandum in Support of Complaint at p. 3 (hereinafter "Plaintiff's Memorandum at p. ___ .")*. Plaintiff claims that, from the date of his arrival on the Allred Unit, September 18, 2009, until September 22, 2009, he was denied pain medication, including Darvocet which was prescribed by his surgeon. *Id.* Plaintiff alleges that, on September 22, 2009, he saw Dr. Potter who refused to give him Darvocet. Instead, Potter prescribed twelve "non-aspirin" pain tablets per day. *Id. at pp. 3 & 5.*

In an attempt to better understand the factual basis of Plaintiff's claims, a questionnaire was issued to him by the Court. Plaintiff filed his answers and, for purposes of the Court's review at this

stage of litigation, the facts stated by Plaintiff in support of his complaint are presumed true. However, conclusory allegations and legal conclusions are insufficient to state a claim.

In order to state a colorable claim for the denial of medical care under the Eighth Amendment, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Deliberate indifference" under the Eighth Amendment occurs only where a prison official subjectively knows of and disregards a substantial risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 650 (5th Cir. 1996). A delay in medical care can rise to the level of a constitutional violation if the delay results in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993); *Wesson v. Oglesby*, 910 F.2d 278, 284 (5th Cir. 1990). However, it is well established that negligent or erroneous medical treatment or judgment does not provide a basis for a § 1983 claim. *Graves v. Hampton*, 1 F.3d 315, 319 (5th Cir. 1993). As long as jail medical personnel exercise professional medical judgment, their behavior will not violate a prisoner's constitutional rights. *See Youngberg v. Romeo*, 457 U.S. 307, 322-23 (1982). A disagreement over the appropriate medical treatment constitutes, at most, a possible claim of medical malpractice appropriately addressed under state law. *E.g., Estelle v. Gamble*, 429 U.S. at 107-08; *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991); *Fielder v. Bosshard*, 590 F.2d 105, 107 (5th Cir. 1979).

In support of his medical care claim against Defendant Potter, Plaintiff claims that the non-aspirin prescribed by Potter was a non-efficacious treatment and potentially harmful as the dosage was in conflict with the manufacturer's warning instructions. *Plaintiff's Memorandum at p. 4; Plaintiff's Answer to the Court's Question No. 9.* Plaintiff's claim against Potter is a disagreement

with the nature of the medical care provided rather than any lack thereof. Plaintiff concedes that he was seen by Dr. Potter only on September 22, 2009, the day Potter prescribed the pain medication. *Id. at No. 10.* Therefore, he cannot prevail against Potter on his medical care claim.

Plaintiff claims that Defendant Norwood was deliberately indifferent to his need for medical care because Plaintiff's medical records put Norwood on notice of the surgeon's instructions and because, in response to Plaintiff's Step 1 grievance, Norwood stated that Plaintiff would not get a narcotic medication. *Id. at No. 1.* According to the verified exhibits, submitted by Plaintiff in support of his complaint, he first notified Norwood of his need for pain medication in an "I-60" communication dated September 21, 2009. *See Plaintiff's Exhibit D.* The I-60 reveals that someone other than Norwood responded telling Plaintiff that his prescription for Darvocet expired on September 18, 2009, but called him out to see a physician for eye pain and bleeding. *Id.* Plaintiff was seen by Dr. Potter the next day. The Step 1 grievance was signed by Plaintiff on September 22, 2009, the day Potter prescribed the non-aspirin pain medication. *Plaintiff's Exhibit E.* Norwood responded to Plaintiff's Step 1 grievance on October 5, 2009, after Plaintiff had received the medication prescribed by Potter. *Id.*

In a cause of action under § 1983, it is necessary to specify the personal involvement of each defendant. *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.1983). A plaintiff cannot make generalized allegations. *Howard v. Fortenberry*, 723 F.2d 1206, 1209 (5th Cir.), *vacated in part on denial of rehearing*, 728 F.2d 712 (5th Cir. 1984). There must be an affirmative link between the deprivation and some act by the defendant. *Rizzo v. Goode*, 423 U.S. 362, 375-77 (1976). Plaintiff has failed to state facts which could show that Norwood was involved in failing to provide Plaintiff

with pain medication between September 18, 2009 and September 22, 2009. Absent such a showing, Plaintiff cannot recover against Norwood.

With regard to Defendant Tucker, Plaintiff claims that, as the director of nursing, she had a duty to make herself aware of the medical treatment prescribed by his eye surgeon and her failure to do so constitutes deliberate indifference. *Plaintiff's Answer to the Court's Question No. 4.* Furthermore, Plaintiff claims that, despite two sick call requests he sent to Tucker, she failed to discover the correct expiration date for his Darvocet and she delayed calling him in for medical treatment. *Id. at Nos. 4 & 6.*

Plaintiff cannot recover against Tucker solely because of her position as director of nursing as there is no vicarious liability under the Civil Rights Act. Tucker cannot be held responsible for acts or omissions, if any, of her subordinates. *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978); *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987). Review of the verified exhibits submitted by Plaintiff in support of his complaint reveals that both of the I-60 communications directed to Tucker received a response from an individual other than Tucker. *See Plaintiff's Exhibits B & C.* Moreover, Plaintiff has failed to articulate facts which could show that Tucker was aware of his need for pain medication and disregarded the same. *Plaintiff's Answers to the Court's Questions No. 4 & 6.*

Plaintiff was given the opportunity to expound on the factual allegations of his complaint by way of questionnaire. *See Eason v. Thaler*, 14 F.3d 8 (5th Cir. 1994) (requiring further development of insufficient factual allegations before dismissal as frivolous is proper); *Watson v. Ault*, 525 F.2d 886, 892-93 (5th Cir. 1976) (affirming use of questionnaire as useful and proper means for court to develop factual basis of *pro se* plaintiff's complaint). However, he failed to allege any facts which,

taken as true, could indicate that any Defendant subjectively knew of and disregarded his need for a narcotic pain medication.

To the extent, if any, that Plaintiff claims the failure to provide him with pain medication for five days was the result of negligence on the part of Defendants, he cannot prevail in this action. Complaints of negligence are not actionable under the Civil Rights Act. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986).

The Court may dismiss a complaint filed by an inmate proceeding *in forma pauperis* if the Court determines that the action is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir. 1991). A complaint is without an arguable basis in law if it is "based on indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. The claims set forth in the case at bar have no arguable basis in law.

For the foregoing reasons it is ORDERED that Plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous.

A copy of this order shall be transmitted to the Plaintiff.

SO ORDERED this 6th day of August, 2010.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**